JuitóE Simpson
delivered the opinion of the Court.
A bill was exhibited in this case, in the Warren Circuit Court, in the name of the Commonwealth of Kentucky for the benefit of the Board of Internal Improvements, against the defendants Calhoun and Alexander. *293 It is alleged in the bill,that the defendants are and have been for several months last past, engaged in digging and excavating a channel in the Northern Bank of Green river, in the county of Daviess, at the end of the dam designated as lock and dam No. 2, and that the effect will be, if they are permitted to progress with the work, to let the water escape from the pool formed by that dam, and put it upon a level with the water in the pool immediately below it, and thereby permanently injure the navigation, as well as affect injuriously the water power, of the lessees of the Commonwealth, on the opposite bank of the river. The fact that the improvements on Green river were made by the Commonwealth at a vast expense, wiih a view not- only to the navigation of the river for the public benefit, but also that the Commonwealth might derive some profit from the water power thereby created, is also set forth in the bill; and after alleging that the defendants had been warned to desist from the further prosecution of the work in which they were engaged, which warning they had disregarded, an injunction and restraining order, was prayed for-and awarded against them.
Defence urged.
The defendants deny the jurisdiction of the Warren Circuit Court. They state that they reside in Daviess county, and the work that they are carrying on, which is complained of as prejudicial to the rights of the commonwealth, is being performed by them in that county. They claim the right, as .the owners of the land adjoining the river, and the abutment of the dam, to cut a canal to obtain the use of the water for the purpose of propelling a mill and certain machinery erected by them on their own land. They also claim a part of the bed of the stream at and above the dam by virtue of a grant from the Commonwealth of Kentucky; and deny that any injury to the public works, or to the navigation, or to the rights of the lessees of the Commonwealth, on the opposite side of the river,, will result from the canal cut by them, or the use they will make of the water conducted through it to propel their mill, *294 which they allege has been in operation for more than a year.
The Circuit Court upon final hearing, dissolved the injunction, and dismissed the bill without prejudice; and also decreed the defendants their costs, to be paid by the Board of Internal Improvements.
The correctness of that decree is now presented for our determination.
The first point to be decided, is the question as to the jurisdiction of the Warren Circuit Court. If that Court had no jurisdiction, it will not be proper to decide the other questions involved in the case, and debated at considerable length, by the counsel on both sides.
As the suit was not brought in the county where the injury was done, and there was no service of process upon the defendants in the county in which the suit was brought,' the Court, according to the general doctrine upon the subject, had no jurisdiction of the case.
An act of the Legislature, however, passed in the year 1849, (session acts 1848 — 9,ywge 14,) is relied upon to sustain the jurisdistion of the Court. The 6th section of that act reads as follows:
“That the Judge of any Circuit Court of a county, touching or bordering on Kentucky, Green or Barren rivers, within the influence of slack-water navigation, shall have power, in term time or vacation, on bill or complaint filed or presented to him by said Board in the name of the Commonwealth of Kentucky, to grant or cause to be issued, by the Clerk of his respective Courts, any injunction, restraining order, or other process againt any person or persons who may hereafter knowingly attempt to injure or destroy all or any part of the public works on said rivers, or threaten injury or molestation to said Board or any of their agents, &c., in the control or management of said works, or any of their fixtures, or the dams, water pools, or water power canals, or the banks or gates of either, and said Judge shall have power in term time or vacations to hear *295 proof, by affidavit or otherwise, in regard to said bill or complaint, and make such order and decrees as ho may deem right and proper in order to enforce his injunction, as in other cases now provided by law in chancery proceedings.”
The act of the Legislature of j.849. OSes. Ac/s íarge^íie tcrriTo" ”al ^¿rK'circnit. Courts, and the Circuit Courts only of the counantnJu^Ts'done 10 P“bll.° works have juris diction of the cases.
Did the Legislature intend that the Circuit Court of , , . any county bordering on either oí the three rivers onumerated in the foregoing section, should entertain jurisdiction for the purposes contemplated, in cases where the injury complained of was perpetrated in any coun- , , \ , r , . Tf ty bordering on any other one of the rivers? it so, then for an injury done or threatened t j any of the pub-lie works on Green or Barren rivers, a suit might be 5 o brought in any county bordering on the Kentucky river within the influence of slack water navigation. This is the construction contended for in order to sustain the jurisdiction of the Warren Circuit Court in this case, and the consequences of such a construction would be to impose upon the citizen the burthen and expense of attending to his defense in a county distant from his place of residence, and from the place where thewrongful act is alleged to have been committed, and also to introduce in relation to the cases provided for in this statute, an exception to the general rule which governs the jurisdiction of the Circuit Courts in this State» Such a construction is not required by the language of the act; nor does it follow as a necessary deduction from any of its provisions that it was the legislative intention to vest the Circuit Courts with such a jurisdiction. And as the operation of the law if thus construed, would be anomalous in its character, and unnecessarily oppressive on the citizen, the construction should not be allowed to prevail, unless imperiously demanded by the language of the statute, or unless it manifestly appeared by its provisions that such was the legislative intention. It is proper in expounding a statute like this one, to take into consideration the other statutes upon the subject of the territorial jurisdiction of the Circuit Courts. When this is done, we ascertain *296 that the jurisdiction is confined to the county in which the wrong or injury is committed, or in which the proof the Court has been executed on the defendants or some of them. This being the general principle established by the previous legislation upon this subject, the presumption should be indulged that the Legisla, ture did not intend to depart from it, unless such an in. tention be clearly and unequivocally manifested. Such in our opinion is not the case, and we therefore feel at liberty, and indeed required by the rules of analogy to give to it that interpretation which is most in accordance with the other legislation upon the same subject; and to decide that although susceptible of the construction contended for in order to sustain the jurisdiction of the Warren Circuit Court, yet it is not a correct exposition of the meaning of the statute, when it is construed according to the rules which have been adverted to.
The sixth section of the act of 1849, does not in our opinion enlarge the territorial jurisdiction of the Circuit Courts of the counties, referred to in the statute, but only imparts a more extensive jurisdiction to enable the Courts more effectually to preserve the public works from injuries either threatened'or attempted to be committed within their respective jurisdictions, and to protect the Board and its agents in the control and management of said works from illegal molestation or disturbance. And to this end power is given to the Judge either in term time or vacation to make such orders and decrees as may be necessary and proper to accom■plish those objects.
It follows therefore according to the views here expressed that the Warren Circuit Court had no jurisdiction, and that the complainants bill was, upon that ground, properly dismissed.
An objection is taken to that part of the decree that requires the Board of Internal Improvements td pay to the defendants their costs. The statute does not exempt the Board from liability,for costs, nor are ,we ap *297 ■prised of any law that entitles it to the benefit of such an exemption. It must consequently be regarded as subject to the general law in relation to the costs of suit in civil cases, by-parties litigant, and liable for costs when it fails in the successful prosecution of a suit which it has instituted.
Harlan, Attorney General, and Gates for .Commonwealth ; P. Triplett for defendants.
Wherefore the decree is affirmed.